**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel VanDaalen, | ) No. CV 12-642-PHX-RCB (ECV) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| CO III C. Travis, et al., | ) |
| Defendants. | ) |

On March 26, 2012, Plaintiff Daniel VanDaalen, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). On March 28, 2012, he filed a Motion for Appointment of Counsel (Doc. 5).

In an April 26, 2012 Order, the Court noted that Plaintiff had not signed the Complaint and gave Plaintiff 30 days to submit a complete a signed Certificate, certifying that Plaintiff's signature on the Certificate would serve as an original signature, under penalty of perjury, on his Complaint. On May 16, 2012, Plaintiff filed the signed Certificate.

The Court will grant the Application to Proceed, deny the Motion for Appointment of Counsel, and dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).

JDDL-K

The Court will assess an initial partial filing fee of $26.03. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, will dismiss the Complaint with leave to amend.

**III.   Complaint**

In his two-count Complaint, Plaintiff sues the following Defendants: Arizona Department of Corrections (ADOC) Director Charles Ryan, former ADOC Director Dora Schriro, Regional Health Administrator James Clenney, "F.H.C.M. II" Gene Greeley, "FHA" Helena Valenzuela, Deputy Wardens Anna Jacobs and Keith Hartsock, Correction Officer (CO) IVs Berrang and Swanton, CO IIIs C. Travis and Karoline Washman, John Doe I, Supervising Nurses Christie Green and Brenda McMullin, and Larry Clausen.

Plaintiff asserts that he was involved in a car accident that led to his incarceration and that, as a result of the accident, he has damage to his left leg, left arm, and brain.  In Count One, Plaintiff alleges violations of his Eighth Amendment rights, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA)

Plaintiff first contends that Defendant John Doe I was responsible for Plaintiff's initial placement in a third floor unit at the Arizona State Prison Complex (ASPC)-Florence, which required Plaintiff to climb two flights of metal stairs.  He also claims that Defendant Travis at ASPC-Florence did not adequately respond to Plaintiff's July 2005 informal grievance

regarding a "lack of action to prepare for surgery on [Plaintiff's] left arm," Defendant Greeley did not respond to Plaintiff's formal grievance regarding a doctor's decision to not perform surgery, and Defendant Schriro responded to Plaintiff's grievance by informing Plaintiff than an appointment for an evaluation would be scheduled in the near future, although that did not occur. Plaintiff asserts that in November 2005, Defendant Greeley responded to Plaintiff's grievance and stated that nerve transplantation would not be effective on an "old" injury and that the Botox injections, which Plaintiff had demanded and "earlier consulted physicians" had recommended, were "not considered a medical option" at that point. Plaintiff claims the injury was not "old" when surgery and Botox injections were initially recommended.

Plaintiff states that he was then transferred to the Rincon Unit at ASPC-Tucson, where "[h]is mental condition was such that he did not file grievances." He claims that an inmate was assigned to act as Plaintiff's "ADA porter," that Defendant Martinez continued this assignment when Plaintiff as transferred to the Santa Rita Unit as ASPC-Tucson, but Defendant Jacobs discontinued the ADA porter when she replaced Defendant Martinez.

Plaintiff asserts that he filed an informal grievance in July 2009, requesting to be moved to an "ADA yard." In August 2009, Defendant Swanton responded, stating that it appeared Plaintiff had not properly attempted to resolve his grievance informally, although Plaintiff contends that he had. Plaintiff claims that Defendant Berrang forwarded Plaintiff's complaint to "HH" and the Central Office forwarded the complaint to the Central Office-Medical Appeals with a notation that the FHA in Tucson had not responded to the complaint. Plaintiff contends that Defendant Clenney responded to Plaintiff's request to be moved to an ADA yard, informing Plaintiff that ADOC does not maintain an ADA yard and that "[a]ctivities such as therapy and surgery will be evaluated to determine their essential necessity in allowing adequate functioning while you're in custody." Plaintiff asserts that disabled inmates are supposed to be provided with facilities that fully accommodate their needs and that a lack of funding for such facilities is not a defense to a constitutional violation.

1    Plaintiff claims that he appealed to Defendant Ryan who, in May 2010, informed
2  Plaintiff that Plaintiff's condition had been properly evaluated and his current housing unit
3  adequately met his medical needs.  Plaintiff contends that Defendant Ryan sent this response
4  to Plaintiff at the Rincon Unit, which was a level four medical yard, but Plaintiff had been
5  moved from that yard more than year before Defendant Ryan sent his response.

6    Plaintiff contends that he is now housed at the Manzanita Unit at ASPC-Tucson.  He
7  claims that he has submitted health needs request forms almost weekly since August 2010,
8  complaining about pain in his left leg, left arm, and right shoulder.  Plaintiff asserts that the
9  responses to those requests varies, but typically are "IM has been seen.  IM will be seen.
10 Inmate is scheduled for surgery consults have been scheduled, dates not given to inmates."

11   Plaintiff claims Defendant Valenzuela denied Plaintiff's May 2011 request for
12 physical therapy and responded to Plaintiff's urinary incontinence concerns by noting that
13 security had seen Plaintiff running on the recreation yard, so there was no medical need for
14 Plaintiff to be moved closer to a bathroom.  Plaintiff contends that Defendant Hartsuck
15 denied Plaintiff's request for a word processor that had been issued to Plaintiff when he was
16 in another unit, but had been taken when Plaintiff was transferred to the Manzanita Unit.
17 Plaintiff states that Defendant Hartsuck stated that the medical department had informed him
18 that based on medical need, Plaintiff should not be given a word processor.  Plaintiff
19 contends that Defendants Green and McMullin "have evaluated [Plaintiff] as not being in
20 medical need of these accommodations."

21   Plaintiff also states that Defendant Washman "has passed complaints regarding
22 medical issues along to the medical staff but has gotten only negative responses."  Plaintiff
23 "feels [Defendant] Washman is discriminating against him and this is the real reason she does
24 not 'have time' to meet with him on grievances."

25   In Count Two, Plaintiff alleges that Defendants have violated the ADA and RA "by
26 failing to provide appropriate auxiliary aids and services to prisoners where necessary for
27 effective communication, including communication with the courts."  Plaintiff claims that
28 he was approved to use a word processor to facilitate communication with the courts, but the

1 word processor was taken away when he was transferred to the Manzanita Unit.

2      In his Request for Relief, Plaintiff seeks monetary damages, his court costs and fees,

3 access to and inclusion in various therapies, "all activities and services offered, surgery and

4 rehabilitation."

5 **IV.   Failure to State a Claim**

6      Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519,

7 520-21 (1972), conclusory and vague allegations will not support a cause of action.  <u>Ivey v.</u>

8 <u>Board of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Further,

9 a liberal interpretation of a civil rights complaint may not supply essential elements of the

10 claim that were not initially pled.  <u>Id</u>.

11      **A.   Eighth Amendment Claims**

12      Not every claim by a prisoner relating to inadequate medical treatment states a

13 violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a

14 plaintiff must show that the defendants acted with "deliberate indifference to serious medical

15 needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429

16 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating

17 that failure to treat the condition could result in further significant injury or the unnecessary

18 and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.

19 <u>Jett</u>, 439 F.3d at 1096 (quotations omitted).

20      "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051,

21 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

22 of and disregard an excessive risk to inmate health; "the official must both be aware of facts

23 from which the inference could be drawn that a substantial risk of serious harm exists, and

24 he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).  Deliberate

25 indifference in the medical context may be shown by a purposeful act or failure to respond

26 to a prisoner's pain or possible medical need and harm caused by the indifference. <u>Jett</u>, 439

27 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally

28 denies, delays, or interferes with medical treatment or by the way prison doctors respond to

the prisoner's medical needs.  Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  Farmer, 511 U.S. at 835.  "Neither negligence nor gross negligence will constitute deliberate indifference."  Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs."  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  Estelle, 429 U.S. at 105.

Plaintiff does not allege that any Defendant acted with deliberate indifference.  Thus, the Court will dismiss without prejudice Plaintiff's Eighth Amendment claims in Count One.

## B.   ADA and RA

In Count One, Plaintiff appears to be raising claims under the ADA and RA regarding his medical care.  He cannot do so.  See Carrion v. Wilkinson, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) ("The ADA and Rehabilitation Act afford disabled persons legal rights regarding access to programs and activities enjoyed by all, but do not provide them with a general federal cause of action for challenging the medical treatment of their underlying disabilities." (quoting Galvin v. Cook, 2000 WL 1520231, at *6 (D. Or. 2000))).  Thus, the Court will dismiss without prejudice Plaintiff's ADA and RA claims in Count One.

In Count Two, Plaintiff appears to assert violations of the ADA and RA occurred when his word processor was taken away when he was transferred to the Manzanita Unit. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded in participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42

U.S.C. § 12132.  As used in this provision, a "public entity" is defined, in part, as "(A) any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131.

The RA "is materially identical to and the model for the ADA, except that it is limited to programs that receive federal financial assistance."  Armstrong v. Davis, 275 F.3d 849, 862 n.17 (9th Cir. 2001) (internal quotation omitted).   Title II of the ADA was expressly modeled after § 504 of the RA. Zuckle v. Regents of the University of California, 166 F.3d 1041, 1045 (9th Cir. 1999).   Because the ADA has a broader scope, the Ninth Circuit analyzes both Acts under an ADA standard.  See Armstrong, 275 F.3d at 862; Zuckle, 166 F.3d at 1045 n.11 ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

To state an ADA or RA claim, a plaintiff must demonstrate that he:

> (1) is a handicapped person; (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.

Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

Plaintiff's vague and conclusory allegations do not support a claim under the ADA or RA.  Moreover, nothing in Plaintiff's handwritten Complaint suggests that he was unable to effectively communicate with the Court without a word processor.  Thus, the Court will dismiss without prejudice Count Two.

**V.   Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First

1   Amended Complaint."   The first amended complaint must be retyped or rewritten in its
2   entirety on the court-approved form and may not incorporate any part of the original
3   Complaint by reference.  Plaintiff may include only one claim per count.

4   Plaintiff should take note that  many of his claims appear to be barred by the statute
5   of limitations.  For § 1983 claims, federal courts apply the statute of limitations governing
6   personal injury claims in the forum state.  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir.
7   1999).  In Arizona, the limitations period for personal injury claims is two years.  Id.; see
8   also Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced
9   within two years after the cause of action accrues).

10   Although the statute of limitations applicable to § 1983 claims is borrowed from state
11   law, federal law governs when a § 1983 claim accrues.  Wallace v. Kato, 549 U.S. 384, 388
12   (2007); TwoRivers, 174 F.3d at 991. Under federal law, a claim accrues "when the plaintiff
13   knows or has reason to know of the injury which is the basis of the action." TwoRivers, 174
14   F.3d at 991.  Plaintiff filed his Complaint on March 26, 2012.  Therefore, if Plaintiff files an
15   amended complaint, he should only include claims that accrued on or after March 26, 2010.

16   Plaintiff should also take note that where a defendant's only involvement in the
17   allegedly unconstitutional conduct is the denial of administrative grievances, the failure to
18   intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount
19   to active unconstitutional behavior for purposes of § 1983.  Shehee v. Luttrell, 199 F.3d 295,
20   300 (6th Cir. 1999).

21   A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963
22   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
23   1546 (9th Cir. 1990).   After amendment, the Court will treat an original complaint as
24   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original
25   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d
26   565, 567 (9th Cir. 1987).

27   **VI.    Motion for Appointment of Counsel**

28   There is no constitutional right to the appointment of counsel in a civil case.  See Ivey

v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present.  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.  Id.  "Neither of these factors is dispositive and both must be viewed together before reaching a decision."  Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants.  Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

## VII. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

to Plaintiff.

### D.     Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $26.03.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **denied without prejudice**.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 30th day of May, 2012.

Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                   U.S. District Court Clerk
U.S. Courthouse, Suite 130                             U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10              405 West Congress Street
Phoenix, Arizona  85003-2119                       Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>          Attorney for Defendant(s)
>
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)     Plaintiff,  )
)
vs.  )  **CASE NO.** _____
)        (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)  )
(2) _____ ,  )
)  **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )  **BY A PRISONER**
)
(4) _____ ,  )  ☐ Original Complaint
Defendant(s).  )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____ .

2. Institution/city where violation occurred: _____ .

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                    <span>(Institution)</span>

2.   Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                    <span>(Institution)</span>

3.   Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                    <span>(Institution)</span>

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span>(Position and Title)</span>                                                    <span>(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?     ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care

☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation

☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.    **Administrative Remedies:**

     a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No

     b.    Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No

     c.    Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No

     d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail               ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                  ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

**E.  REQUEST FOR RELIEF**

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____

DATE                                                                        SIGNATURE OF PLAINTIFF


_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____

(Signature of attorney, if any)

_____

_____

(Attorney's address & telephone number)


**ADDITIONAL PAGES**

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.